# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| KEENAN CHILDS,<br>　　Plaintiff | Case No. 1:10-cv-789 |
| vs | Dlott, J.<br>Litkovitz, M.J. |
| THOMAS SCHUH, et al.,<br>　　Defendants | **REPORT AND RECOMMENDATION** |

　　Plaintiff Keenan Childs, an inmate at the Hamilton County Justice Center, brings this pro se action under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

　　In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot

make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii); 1915A(b)(1). Plaintiff's pro se complaint must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson,* 551 U.S. at 93 (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly,* 550 U.S. at 556). Thus, when "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citing

*Twombly*, 550 U.S. at 557) (internal quotations omitted)).

Plaintiff has submitted three separate form complaints which all involve the same incident. Therefore, the Court shall construe the three documents as a single complaint for purposes of its screening function under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Plaintiff brings this action against Thomas Schuh, Tom's Drive-Thru, the Cincinnati Police Department, Cincinnati Police Chief Thomas Streicher, and School Resource Officer Thomas Owens. The complaint alleges that on February 20, 2010, plaintiff was assaulted by School Resource Officer Thomas Owens at Tom's Drive-Thru, a liquor establishment. Plaintiff alleges that defendant Owens was off duty and never identified himself as a police officer. Plaintiff alleges that he and Owens got into a verbal altercation when Owens incorrectly perceived that plaintiff was cutting in the line in front of him. Owens threatened to "kick [plaintiff's] ass." Plaintiff then turned around to avoid any further confrontation. Owens then allegedly attacked plaintiff from behind. The situation de-escalated and the police were summoned by the management. Plaintiff states that while he was waiting outside for the police to arrive, Owens allegedly attacked plaintiff again. At that point, plaintiff pulled out a gun and "fired once to get him off. . . ."

Plaintiff was charged with felonious assault and is currently awaiting trial in the Hamilton County Court of Common Pleas. Plaintiff alleges that he requested Owens' personnel file as part of discovery. After an in camera review, the state court trial judge determined there was nothing relevant in Owens' personnel file and granted the prosecution's motion to quash. Plaintiff alleges the record was "sanitized" and that sources within the police department have advised him that Owens received reprimands for roughing-up citizens. Plaintiff further alleges the police

3

department has "conspired to obstruct justice, tamper with witness (sic) and evidence." Plaintiff states there is a surveillance video of the assault which was edited. Plaintiff also alleges that Thomas Schuh, the owner of Tom's Drive-Thru, falsely told the Cincinnati Enquirer that Owens identified himself as a School Resource Officer, when in fact eyewitnesses will attest to the contrary. Plaintiff alleges that Schuh's statement "contaminated the pool of potential jurors with this lie." He further alleges he cannot receive a fair trial before an impartial jury.

As relief, plaintiff seeks $500,000.00 in damages; a complete investigation of his allegations; and that criminal charges be brought against defendant Owens.

Plaintiff's complaint against defendant Thomas Schuh should be dismissed for failure to state a claim upon which relief may be granted. To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege facts showing that the defendant acted under color of state law and that his conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).

Plaintiff's complaint fails to allege facts showing defendant Schuh acted under color of state law. "Providing information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'" *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (citations omitted). *See also Briscoe v. LaHue,* 460 U.S. 325, 329-30 (1983). Thus, to the extent plaintiff's complaint suggests that defendant Schuh provided false or misleading information to police or to a newspaper, that action in itself fails to show defendant Schuh acted

under color of state law for purposes of a viable § 1983 claim. Therefore, the complaint against defendant Schuh should be dismissed.

Nor does plaintiff's complaint state a claim for relief against defendant Tom's Drive-Thru. First, the mere fact that Tom's Drive-Thru, a liquor establishment, may be doing business in a heavily regulated industry, does not make Tom's Drive-Thru a state actor for purposes of Section 1983 liability. *See Hayes v. Allstate Ins. Co.,* 95 F. Supp.2d 832, 836 (W.D. Tenn. 2000) (citing *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40 (1999) (holding that action of private, state-regulated, insurance company not under color of state law); *Rendell-Baker v. Kohn*, 457 U.S. 830 (holding that private school's decisions not attributable to state, despite extensive state regulation of school); *Blum v. Yaretsky*, 457 U.S. 991 (1982) (holding that nursing home not a state actor despite extensive state regulation of the industry); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 (1974) (holding that heavily regulated electric company's decision is not a state action); *Adams v. Vandemark*, 855 F.2d 312 (6th Cir. 1988) (holding private corporation not a state actor despite being subject to state regulation). Second, apart from the allegations concerning Tom Schuh, the owner of Tom's Drive-Thru, plaintiff has alleged no facts showing that Tom's Drive-Thru somehow violated his constitutional rights. The complaint against Tom's Drive-Thru should be dismissed.

Plaintiff's complaint against defendant Cincinnati Police Department is in reality an official capacity suit against the City of Cincinnati, the entity of which defendant is an agent. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against the City of Cincinnati because municipalities and counties are not

vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality . . . cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against the City of Cincinnati for his injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the [City]." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981)(municipal policy must be "moving force" behind constitutional deprivation). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Plaintiff's complaint fails to allege any facts showing that police officers acted pursuant to a policy or custom of the City of Cincinnati in investigating the alleged assault by defendant Owens. Plaintiff's § 1983 claim against the Cincinnati Police Department is impermissibly based on a theory of respondeat superior. Therefore, the complaint fails to state a claim upon which relief may be granted against the Cincinnati Police Department and should be dismissed.

Plaintiff's complaint also fails to state a claim for relief under section 1983 against defendant Police Chief Thomas Streicher. It appears Chief Streicher is named as a defendant because of the supervisory position he holds at the police department. However, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability on defendant Streicher. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009); *Monell v. Dep't of Social Servs.,*

436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992), *cert. denied,* 509 U.S. 903 (1993). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S. 845 (1984). A superior may not be held liable under § 1983 for the misconduct of his employees unless the plaintiff demonstrates that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy,* 729 F.2d at 421. *See also Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir.), *cert. denied,* 459 U.S. 833 (1982). *See also McQueen v. Beecher Community Schools*, 433 F.3d 460, 470 (6th Cir. 2006); *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied,* 530 U.S. 1264 (2000). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee,* 199 F.3d at 300. Where a supervisor is found to have abandoned the specific duties of his position, such as adopting and implementing a particular operating procedure, liability is direct, not vicarious. *Taylor v. Mich. Dept. of Corrections*, 69 F.3d 76 (6th Cir. 1995).

Here, plaintiff fails to allege that Chief Streicher was present during or directly participated in the alleged investigation of the assault by Owens or in the presentation of Owens' personnel record in state court. Nor does plaintiff allege facts showing that Chief Streicher approved, encouraged, or implicitly authorized the alleged "sanitizing" of the personnel record. The mere fact that defendant Streicher is the chief of police is not enough to impose liability on

Streicher under section 1983. Therefore, plaintiff's section 1983 claims against defendant Streicher should be dismissed.

Finally, plaintiff's complaint against defendant Owens should be dismissed because the facts alleged by plaintiff in his complaint do not show that Owens, an off-duty police officer, was acting under color of state law. According to plaintiff, defendant Owens was not acting as a police officer in the line of duty, but rather as a private citizen. Plaintiff's complaint alleges he was "assaulted by an unidentified intoxicated off-duty police officer. . . ." The complaint states that defendant Owens "was off-duty, never identified himself as a Police Officer." Plaintiff alleges that "no one [k]new the person now known as Thomas Owens was a School Resource Officer because he never identified himself." Plaintiff also states there were "10 eyewitnesses who stated Thomas Owens never identified himself as a School Resource Officer."

Under these circumstances, it cannot be said that defendant Owens was acting under color of state law for purposes of Section 1983 liability. "Acts of police officers in the ambit of their personal, private pursuits fall outside 42 U.S.C. § 1983." *Stengel v. Belcher*, 522 F.2d 438, 440 (6th Cir. 1975). As explained by one court:

> If the defendant officer acted pursuant to an official duty, or "in the line of duty," he acted under color of state law. *Stengel*, 522 F.2d at 441 (off-duty out-of-uniform officer who intervened in bar brawl acted "in line of duty" as determined by internal affairs review panel), *Pickard* [*v. City of Girard*, 70 F. Supp.2d 802, 805-06 (N.D. Ohio 1999)] (listing three limited situations where officers act under color of state law), *Hudson* [*v. Maxey*, 856 F. Supp. 1223, 1226-27 (E.D. Mich. 1994)] (officers act under color of law when their actions were pursuant to some official duty or function of the officer), *Santine v. Roberts*, 661 F. Supp. 1165, 1166 (D. Del. 1987) (rejecting motion for summary judgment because officer acted under color of state law).
>
> If the act was private in nature, however, the actions of [the defendant] are not acts undertaken by color of state law. *See Redding v. St. Eward*, 241 F.3d 530,

8

>533 (6th Cir. 2001) (finding officer's acts were "functionally equivalent to that of any private citizen calling for police assistance" and the "sole nature of the act she performed was to report what she believed to be a criminal act."); *Delcambre v. Delcambre*, 635 F.2d 407, 408 (5th Cir. 1981) (assault upon sister-in-law by police chief on police station property was not under color of state law because it arose out of family and political matters).
>
>Even if the act was private in nature, however, the officer may still have acted under color of state law if he or she improperly exercised official authority to forward his or her interests in personal matters. *See Pickard*, 70 F. Supp.2d at 805. Officers act under color of state law when they have "engaged in official conduct, purported to be engaged in official conduct, and/or used a weapon issued to the officer by the law enforcement agency." *Id.* at 805-06. "[M]anifestations of official authority include flashing a badge, identifying one's self as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations." *Id*.

*Sanchez v. Crump*, 184 F. Supp.2d 649, 655 (E.D. Mich. 2002). *See also Stengel*, 522 F.2d at 440 ("The fact that a police officer is on or off duty, or in or out of uniform is not controlling. It is the nature of the act performed which determines whether the officer has acted under color of law.") (citations omitted).

In the instant complaint, plaintiff fails to allege any facts whatsoever which would transform defendant Owens' purely private actions into state action for purposes of Section 1983 liability. According to plaintiff, he was assaulted by Owens, who happened to be another patron of Tom's Drive-Thru, because of a verbal altercation that escalated into a physical one. Plaintiff alleges that Owens never identified himself as a police officer. There is no indication that Owens acted "in the line of duty" or pursuant to any official duty. Owens' actions are equivalent to a garden variety assault by any other private citizen. There is no indication that Owens exercised any official authority such that the Court could find he was acting under color of state law. Nor has plaintiff alleged facts from which the Court could infer that Owens' actions may be "fairly

9

attributable to the state." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003). Therefore, the complaint fails to state a claim for relief under Section 1983 against defendant Owens and should be dismissed.

To the extent plaintiff claims the actions of defendants violate the state law of Ohio, the Court should decline to exercise pendent jurisdiction over such claims because plaintiff fails to state a viable federal law claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Thus, the state law claims should be dismissed without prejudice for lack of jurisdiction.[1]

**IT IS THEREFORE RECOMMENDED:**

1. The complaint should be **DISMISSED**.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date: 11/12/2010                              s/Karen L. Litkovitz
                                              Karen L. Litkovitz, Magistrate Judge
                                              United States District Court

---

[1] The Court's conclusion that the complaint does not state a viable federal claim for relief does not preclude plaintiff from bringing his state law claims against the defendants in state court.

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEENAN CHILDS,
    Plaintiff

vs

THOMAS SCHUH, et al.,
    Defendants

Case No. 1:10-cv-789

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).